BEFORE THE DISTRICT 7 GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 7-1
STATE BAR OF TEXAS

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER DISCIPLINE,** Petitioner | § § § § | |
| V. | § § | CASE NO. 202000334 [Fowlkes] |
| **WILLIAM REAGAN WYNN,** Respondent | § § § | |

## AMENDED DEFAULT JUDGMENT OF PARTIALLY PROBATED SUSPENSION

### Parties and Appearance

On April 6, 2022, came to be heard the above styled and numbered cause. Petitioner, Commission for Lawyer Discipline (Petitioner), appeared by and through its attorney of record and announced ready. Respondent, **WILLIAM REAGAN WYNN**, Texas Bar Number **00797708** (Respondent), although duly served with the Evidentiary Petition and notice of this default and sanctions hearing, failed to appear.

### Jurisdiction and Venue

The Evidentiary Panel 7-1, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 7, finds that it has jurisdiction over the parties and the subject matter of this action and that venue is proper.

### Default

The Evidentiary Panel finds Respondent was properly served with the Evidentiary Petition and that Respondent failed to timely file a responsive pleading to the Evidentiary Petition as required by Rule 2.17(B) of the Texas Rules of Disciplinary Procedure. Accordingly, the Evidentiary Panel finds Respondent in default and further finds that all facts alleged in the Evidentiary Petition are

deemed true pursuant to Rule 2.17(C) of the Texas Rules of Disciplinary Procedure.

## Professional Misconduct

The Evidentiary Panel, having deemed all facts as alleged in the Evidentiary Petition true, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure.

## Findings of Fact

The Evidentiary Panel, having considered the allegations as deemed true, the pleadings, evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2. Respondent resides in and maintains his principal place of practice in Tarrant County, Texas.

3. In April 2019, Respondent was hired to represent Complainant's son, David Fowlkes (Fowlkes), in a criminal matter.

4. During the representation, Respondent failed to explain the criminal matter to the extent reasonably necessary to permit Fowlkes to make informed decisions regarding the representation.

5. Respondent failed to timely furnish to the Chief Disciplinary Counsel's office a response or other information as required by the Texas Rules of Disciplinary Procedure. Respondent did not in good faith timely assert a privilege or other legal ground for failure to do so.

6. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney's fees associated with this Disciplinary Proceeding in the amount of One Thousand Three Hundred Ninety Dollars ($1,390.00).

7. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable direct expenses associated with this Disciplinary Proceeding in the amount of Five Hundred Ten Dollars ($510.00).

## Conclusions of Law

The Evidentiary Panel concludes that, based upon the foregoing findings of fact, the following Texas Disciplinary Rules of Professional Conduct have been violated: Rules 1.03(b) and 8.04(a)(8).

## Sanction

The Evidentiary Panel, having found Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing all evidence and argument, the Evidentiary Panel finds that the proper discipline of the Respondent for each act of Professional Misconduct is a Partially Probated Suspension.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of twenty-four (24) months, beginning May 1, 2022, and ending April 30, 2024. Respondent shall be actively suspended from the practice of law for a period of six (6) months beginning May 1, 2022 and ending October 31, 2022. The eighteen (18) month period of probated suspension shall begin on November 1, 2022 and shall end on April 30, 2024.

## Terms of Active Suspension

It is further **ORDERED** that during the term of active suspension ordered herein, or that may be imposed upon Respondent by the Board of Disciplinary Appeals as a result of a probation revocation proceeding, Respondent shall be prohibited from practicing law in Texas; holding himself out as an attorney at law; performing any legal services for others; accepting any fee directly or indirectly for legal services; appearing as counsel or in any representative capacity in any proceeding in any Texas or Federal court or before any administrative body; or holding himself out to others or using her name, in any manner, in conjunction with the words "attorney at law," "attorney,"

"counselor at law," or "lawyer."

It is further **ORDERED** that, or before May 14, 2022, Respondent shall notify each of Respondent's current clients and opposing counsel in writing of this suspension.

In addition to such notification, it is further **ORDERED** Respondent shall return any files, papers, unearned monies and other property belonging to current clients in Respondent's possession to the respective clients or to another attorney at the client's request.

It is further **ORDERED** Respondent shall file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) on or before May 14, 2022, an affidavit stating all current clients and opposing counsel have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all current clients have been returned as ordered herein. If it is Respondent's assertion that at the time of suspension he possessed no current clients and/or Respondent was not in possession of any files, papers, monies or other property belonging to clients, Respondent shall submit an affidavit attesting that, at the time of suspension, Respondent had no current clients and did not possess any files, papers monies and other property belonging to clients.

It is further **ORDERED** Respondent shall, on or before May 14, 2022, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing.

It is further **ORDERED** Respondent shall file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), on or before May 14, 2022, an affidavit stating Respondent has notified in writing each and every

justice of the peace, judge, magistrate, and chief justice of each and every court in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing in Court. If it is Respondent's assertion that at the time of suspension he was not currently listed as counsel or co-counsel in any matter pending before any justice of the peace, judge, magistrate, administrative judge or officer, or chief justice of any court or tribunal, Respondent shall submit an affidavit attesting to the absence of any such pending matter before any justice of the peace, judge, magistrate, administrative judge or officer, or chief justice.

It is further **ORDERED** that, on or before May 14, 2022, Respondent shall surrender his law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), to be forwarded to the Supreme Court of Texas.

## Terms of Probation

It is further **ORDERED** that during all periods of suspension, Respondent shall be under the following terms and conditions:

1. Respondent shall not violate any term of this judgment.

2. Respondent shall not engage in professional misconduct as defined by Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure.

3. Respondent shall not violate any state or federal criminal statutes.

4. Respondent shall keep State Bar of Texas membership department notified of current mailing, residence and business addresses and telephone numbers.

5. Respondent shall comply with Minimum Continuing Legal Education requirements.

6. Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7. Respondent shall promptly respond to any request for information from the Chief

Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

8. Respondent shall pay all reasonable and necessary attorney's fees to the State Bar of Texas in the amount of One Thousand Three Hundred Ninety Dollars ($1,390.00). The payment shall be due and payable on or before May 1, 2023, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

9. Respondent shall pay all reasonable and necessary direct expenses to the State Bar of Texas in the amount of Five Hundred Ten Dollars ($510.00). The payment shall be due and payable on or before May 1, 2023, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

10. Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 512-427-1334 and Special Programs Coordinator at 512-427-1343, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

## Probation Revocation

Upon information that Respondent has violated a term of this judgment, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation pursuant to Rule 2.22 of the Texas Rules of Disciplinary Procedure with the Board of Disciplinary Appeals ("BODA") and serve a copy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a.

BODA shall conduct an evidentiary hearing. At the hearing, BODA shall determine by a preponderance of the evidence whether Respondent has violated any term of this Judgment. If BODA finds grounds for revocation, BODA shall enter an order revoking probation and placing Respondent on active suspension from the date of such revocation order. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **ORDERED** that any conduct on the part of Respondent which serves as the basis

for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure.

### Attorney's Fees and Expenses

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorney's fees to the State Bar of Texas in the amount of One Thousand Three Hundred Ninety Dollars ($1,390.00). The payment shall be due and payable on or before May 1, 2023, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further **ORDERED** Respondent shall pay all reasonable and necessary direct expenses to the State Bar of Texas in the amount of Five Hundred Ten Dollars ($510.00). The payment shall be due and payable on or before May 1, 2023, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent, are assessed as a part of the sanction in accordance with Rule 1.06(FF) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

### Publication

This suspension shall be made a matter of record and appropriately published in accordance

with the Texas Rules of Disciplinary Procedure.

## Other Relief

All requested relief not expressly granted herein is expressly DENIED.

This Amended Judgment is effective as of April 13, 2022 and is SIGNED this 4th day of _____May_____, 2022.

**EVIDENTIARY PANEL 7-1**
**DISTRICT NO. 7**
**STATE BAR OF TEXAS**

*/s/ Gerald Pruitt*

Gerald Pruitt
**District No 7, Panel 7-1**
**Presiding Member**